IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LISA KOPF,<br><br>    Plaintiff,<br><br>v.<br><br>1. BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CANADIAN ex rel. CANADIAN COUNTY SHERIFF'S DEPARTMENT; 2. RANDALL EDWARDS, in his official Capacity as the Sheriff of Canadian County; and 3. JOHN DARNELL, Individually and in his official capacity as a Lieutenant for the Canadian County Sheriff's Department,<br><br>    Defendants. | Case No.: CIV-15-361-HE<br><br>(Jury Trial Demanded) |

## COMPLAINT

COMES NOW, the Plaintiff, Lisa Kopf, by and through her attorneys of record, Timothy D. Beets and Tracy Zahl, MIDTOWN ATTORNEYS, P.C., and herein files this Complaint against the Defendants, Board of County Commissioners of the County of Canadian ex rel. Canadian County Sheriff's Department, Randall Edwards, in his official capacity as the Sheriff of Canadian County, and John Darnell, Individually and in his official capacity as a Lieutenant of the Canadian County Sheriff's Department. In support of her Complaint, the Plaintiff states as follows:

## PRELIMINARY STATEMENT

1. This action arises under the provisions of the Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C. § 2000e et. seq ("Title VII"); and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981. Plaintiff is seeking damages to address the deprivation of her rights from discriminatory practices on the basis of her sex and the exercise of her statutorily protected rights. This action also arises under 42 U.S.C § 1983 in that Plaintiff is seeking damages to address the deprivation of her rights from retaliatory practices based upon her exercise of her statutorily protected rights.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this Complaint in that the matters in controversy arise under the laws of the Untied States. 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 28 U.S. C. § 1391.

## PARTIES AND ALLEGATIONS

4. The Plaintiff, Lisa Kopf, is a female citizen of the United States and the State of Oklahoma. Plaintiff is a resident of the City of Oklahoma City, Oklahoma County, and this judicial district. The Plaintiff was employed by the Canadian County Sheriff's Department from November 1, 2013, until her unlawful termination on July 8, 2014.

5. The Defendant, Board of County Commissioners of the County of Canadian ex rel. Canadian County Sheriff's Department, is a body politic and

corporation for Canadian County. As part of the Board of County Commissioners for the County of Canadian, the Canadian County Sheriff's Department exists to keep and preserve the peace of Canadian County, Oklahoma, among other things.

6. The Defendant, Randall Edwards, is the Sheriff for Canadian County, Oklahoma.

7. The Defendant, John Darnell, is an individual residing in Canadian County, Oklahoma. He is employed by Defendant, Board of County Commissioners of the County of Canadian, as a Lieutenant for the Canadian County Sheriff's Department.

8. The Defendant, Board of County Commissioners of the County of Canadian ex rel. Canadian County Sheriff's Department ("Board"), employees well over fifteen (15) employees and is an employer under Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C. § 2000e et. seq ("Title VII"); the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

9. On November 1, 2013, Plaintiff was hired by Defendant Board to work for the Canadian County Sheriff's Department. The employment fulfilled a long-term dream for Plaintiff. Before she was hired, Plaintiff went through the application/background process. In and on her "Background Information Packet", Plaintiff was honest about her life, including past drug use and past employment history.

10. At the time she was hired, Plaintiff was one of only three (3) females out of at least seventy (70) employees of the Canadian County Sheriff's Office.

11. When Plaintiff was initially hired, she started as a "Step 1 Detention Officer". At the time of her unlawful termination on July 8, 2014, Plaintiff was a commissioned deputy.

12. Shortly after the date of hire, Plaintiff was subjected to differential treatment based on her sex. For example, in January 2014, even after satisfactory performance, Plaintiff was subjected to a two (2) hour "background interview" by Defendant Lieutenant John Darnell (" Defendant Lt. Darnell"). Plaintiff was honest and forthcoming in her interview at all times. Others employees of the Canadian County Sheriff's Department, all similarly situated males, reported that their background interviews only lasted thirty (30) minutes at most.

13. Defendant Lt. Darnell was preoccupied with Plaintiff and made comments to her that he would "keep her around" as long as she "didn't get involved with guys". No other similarly situated males employees were admonished or patronized by Lt. Darnell. No other male employees were counseled regarding with whom they should or should not be involved.

14. Defendant Lt. Darnell was overheard telling other male employees, Plaintiff was not competent, presumably because she is female. Plaintiff's performance reports were always satisfactory.

15. Another supervisor of Plaintiff's, Lieutenant Linn ("Lt. Linn") falsely accused Plaintiff of "batting her eyes" at men. Similarly situated male officers were not spoken to or treated the way Plaintiff was treated by Lt. Linn.

16. Another supervisor of Plaintiff's, Lieutenant Carmack ("Lt. Carmack") spoke of his belief that females could not control their emotions.

17. Importantly, even when Plaintiff received her commission to become a deputy March of 2013, she was not provided the duty belt gear that all other similarly situated male deputies were provided.

18. Plaintiff was treated differently than her male colleagues in the above-stated instances and in other instances. For example, Lt. Linn told Plaintiff that she needed a mentor to give her tips on how to act appropriately because she was a female working around males. Lt. Linn did not advise other similarly situated males on how to act around females.

19. Plaintiff was not allowed to enter the Field Training program until after a male employee, Chris Bynum, was allowed despite the fact that Plaintiff had passed her C.LE.E.T. certification and Mr. Bynum repeatedly failed his. Further, Mr. Bynum was not certified to be commissioned and Plaintiff was certified.

20. Other similarly situated male employees of Defendant Board and Defendant Edwards were allowed to use smokeless tobacco and/or smoke in their patrol cars or the office while Plaintiff received a "Specific Occurrence Performance Report" for using an E-cigarette. The use of an E-cigarette was an alleged

"verbal" policy of Defendant's. The prohibition of smoking is a written policy of Defendant Board's.

21. In addition, other similarly situated males did not receive "Specific Occurrence Performance Reports" for more egregious behavior than the use of an E-cigarette. For example, a male Detention Officer, received no disciplinary action for his abuse or mistreatment of an inmate. In December 2013, Plaintiff and Detention Officer Austin Albreicht were assigned to the "control room" of the jail when Officer Albreicht "strobed" an inmate with a flashlight causing the inmate to have a seizure and fall over on the floor.

22. Plaintiff reported the above-stated inmate abuse to a supervisor and no disciplinary action was taken against Detention Officer Albreicht. When, Plaintiff also reported the inmate abuse to a person outside of her employment, she was told by supervisors that she acted inappropriately.

23. After Plaintiff exercised her First Amendment right and reported the inmate abuse, she was told by her supervisors that she acted inappropriately. Eventually, she was unlawfully terminated from employment because she was a female and in retaliation for reporting the inmate abuse.

24. In January 2014, shortly after reporting the inmate abuse, Plaintiff was subjected to a two (2) hour "background interview" by Lt. Darnell even though she had been employed by Defendant for more than two (2) months and performed satisfactorily. In one of her dealings with Defendant Lt. Darnell,

Defendant Lt. Darnell told Plaintiff he would do anything he could to get her fired.

25. Plaintiff also received the "Specific Occurrence Performance Report" regarding her use of an E-cigarette based on an alleged oral policy. This "Specific Occurrence Performance Report" was simply pre-textual in nature as other employees of Defendant were allowed to use smokeless tobacco and/or smoke in their employee vehicles, which is in clear violation of specific written policies and procedures.

26. Eventually, after reporting the inmate abuse, Plaintiff was terminated because Defendant Lt. Darnell claimed Plaintiff lied on her job application. On her job application, Plaintiff was honest and forthcoming. Defendant's claim that Plaintiff lied is simply pre-textual in nature.

27. On July 8, 2014, after being placed on "leave", Plaintiff was unlawfully terminated by Defendants.

27. On January 6, 2015, Plaintiff filed a charge of discrimination with the EEOC asserting Defendants discriminated against her due to the fact that similarly situated males were treated better than Plaintiff.

28. On January 6, 2015, the EEOC issued a right to sue letter from the Oklahoma City office, which entitled Plaintiff to proceed with this civil action within ninety (90) days of receipt of the notice. This action was initiated within ninety (90) days.

29. As a result of her unlawful termination, Plaintiff has suffered severe emotional distress, pain and suffering, embarrassment, and loss of income.

## COUNT I

## DISCRIMINATION BASED ON SEX IN VIOLATION OF TITLE VII, 42 U.S.C. § 2000e et seq.

30. Plaintiff incorporates by reference all previous allegations.

31. Defendant Board and Defendant Randall Edwards engaged in intentional and unlawful employment practices in violation of Title VII of the Civil Rights Action of 1964 as amended 42 U.S.C. § 2000e et. seq. The discriminatory practices include but are not limited to disparate treatment and termination against Plaintiff based on her sex.

## COUNT II

## DISCRIMINATION AND RETALIATION BASED ON THE EXERCISE OF FIRST AMENDMENT RIGHTS IN VIOLATION OF 42 U.S.C. § 1983.

32. Plaintiff incorporates by reference all previous allegations.

33. The Defendant Board, Defendant Randall Edwards, and Defendant Lt. Darnell, who acted under the color of law, engaged in intentional and unlawful employment practices in violation of The Civil Rights Act of 1871 as amended 42 U.S.C. § 1983. The discriminatory practices include but are not limited to retaliation against Plaintiff based on her exercise of her First Amendment rights resulting in Plaintiff's termination.

## COUNT III

## WRONGFUL TERMINATION FOR VIOLATION OF PUBLIC POLICY

34. As a sworn peace officer, Plaintiff had a duty to report the abuse of an inmate because such abusive actions were a violation of the inmate's Eighth Amendment rights.

35. The termination of Plaintiff for reporting the inmate abuse was against a clearly defined public policy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lisa Kopf seeks to recover against Defendants for:

1. Actual damages in the form of lost wages and lost benefits.

2. Compensatory damages for the pain, emotional distress, humiliation, and embarrassment emanating from the Defendants' conduct and treatment of Plaintiff.

3. Punitive damages for the Defendants' willful and reckless disregard and deprivation of Plaintiff's civil rights as protected by applicable federal statutes.

4. Reasonable attorney fees and court costs, as well as other relief as this Court deems just and equitable.

Respectfully,

Attorney Lien Claimed

/s Timothy D. Beets
Timothy D. Beets, OBA No. 17758
Tracy Zahl, OBA No. 20850
MIDTOWN ATTORNEYS, P.C.
1213 North Classen Blvd.
Oklahoma City, Oklahoma 73106
(T) 405-942-9595 (F) 405-942-3930
Beets@midtownattorneys.com
Zahl@midtownattorneys.com
*Attorneys for Plaintiff*